# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MARIO SALINAS,** *et al.*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-12-1973 |
| **COMMERCIAL INTERIORS, INC.,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

Plaintiffs Mario Salinas, William Ascencio Torres, Franklin Henriquez, and Bernaldino Salinas brought litigation in 2012 against Defendants Commercial Interiors, Inc. ("Commercial") and J.I. General Contractors, Inc. ("J.I.")[1] for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. Plaintiffs successfully appealed an order granting Commercial's motion for summary judgment and, after this case was reassigned to me, I entered an order in Plaintiffs' favor and against Commercial. Plaintiffs moved for attorneys' fees and costs, ECF Nos. 170, 171, and I referred this case to Magistrate Judge Simms for a Report and Recommendation ("R&R").

---

[1] J.I. is not a part of this motion for attorneys' fees. A three-day bench trial was held by Judge Motz, who found in favor of Plaintiffs. ECF No. 105. After the parties briefed a motion for attorneys' fees and bill of costs against J.I., ECF Nos. 110–12, 116, Judge Motz awarded Plaintiffs $7,500.00 in attorneys' fees and costs in the amount of $350. ECF No. 121. Plaintiffs have stated that they are not seeking fees incurred for actions against J.I. *See, e.g.*, Pl.'s Mem. 34, ECF No. 175 ("Plaintiffs' partial success in the earlier stages of this litigation at trial against J.I. on their pre- and post-shift claims has already been accounted for in the Court's first fee award and should not be double-counted against Plaintiffs in this fee petition against Commercial.").

Judge Simms filed a thorough and well-reasoned R&R, ECF No. 180; Defendant objected to her recommendations, Def.'s Obj. to R&R, ECF No. 182; and Plaintiffs responded, Pls.' Resp., ECF No. 183. I find, on *de novo* review, that Judge Simms's factual findings and the majority of her legal analysis were correct. However, I believe a reduction in the overall fees is warranted and will award Plaintiffs attorneys' fees in the amount of $276,099.78 and $9,485.95 in costs. Accordingly, Defendant's objections are overruled in part.

**Legal Standard**

The Court reviews *de novo* any portions of a magistrate judge's R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed, *Solis*, 638 F.3d at 274 (4th Cir. 2011) (citing *Camby*, 718 F.2d at 200). Any objection to a magistrate judge's findings and recommendations must be served and filed within fourteen days of their issuance. Fed. R. Civ. P. 72(b)(2); *see also* Loc. R. 301.5(a). Absent a timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

*Attorneys' Fees*

As Judge Simms notes, the Fourth Circuit recently articulated the procedure by which attorneys' fees are awarded in *Randolph v. Powercomm Constr. Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017):

> First, "the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (internal quotation marks omitted). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia*

2

*Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *McAfee*, 738 F.3d at 88. Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* (internal quotation marks omitted). When "all claims involve a common core of facts much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998) (alterations, ellipsis, and internal quotation marks omitted). Third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (internal quotation marks omitted).

As for the first two steps, I adopt Judge Simms's analysis, as her adjusted lodestar amount satisfies the *Johnson* factors and Plaintiffs mostly eliminated duplicative or non-successful claims from their requested fee award. I further adopt Judge Simms's additional deductions for some remaining duplicative billing entries and inadequate descriptions. R&R 13–15. Therefore, after "step 2" of the *Randolph* analysis, the adjusted lodestar amount is equal to $306,777.53.

Judge Simms recommended that "no further downward adjustments [were] necessary," and awarded 100 percent of the adjusted lodestar amount. R&R 15. While I agree with Judge Simms that Plaintiffs were quite successful in this litigation—prevailing on an appeal to the Fourth Circuit, *Salinas v. Comm. Interiors, Inc.*, 848 F.3d 125, 141–42 (4th Cir. 2017), and obtaining a damages award of the statutory maximum (albeit in an amount of only $1,041.00 in total)—I do find that a modest reduction in the award is warranted.

> The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights.

*Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (internal citations omitted). Nonetheless, while "[f]ee awards should be adequate to attract competent counsel, [they] should not produce a windfall to attorneys." *Jeffry Butler, et al. v. DIRECSAT USA, LLC,*

*et al.*, No. DKC-10-2747, 2016 WL 1077158, *6 (D. Md. Mar. 18, 2016). It is without doubt that cases such as this one are important and that without statutory authorized attorneys' fees, many FLSA cases may not be brought, for the simple reason that these cases often are aggressively defended, and by the time the plaintiffs successfully overcome the many legal obstacles raised by the defense (including, in this case, the need to take an appeal to the Fourth Circuit) the amount of the attorneys' fee request may dwarf the statutorily authorized relief obtained by the plaintiffs themselves. And, if an award of attorneys' fees should not be a windfall to Plaintiffs' counsel, neither should it be so parsimonious that it amounts to a windfall to a Defendant whose aggressive approach to the litigation required the effort by Plaintiffs' counsel in the first place. Although Plaintiffs' counsel has done commendably in this matter, to award $306,777.53 in attorneys' fees when Plaintiffs themselves received a total award of $1,041.00 would not only be a windfall but contrary to the Federal Rules. *See* Fed. R. Civ. P. 1 (stating that the rules were implemented and should be "employed by the court and *the parties* to secure the just, speedy, and *inexpensive* determination of every action and proceeding") (emphasis added); *Jeffry Butler*, 2016 WL 1077158, *6.

In the interest of justice and to avoid disincentivizing other attorneys from taking cases akin to Plaintiffs' case, I will not reduce the attorneys' fees to be equivalent to artificial metrics such as percentage of successful claims, or the ratio of the award compared to the amount that was demanded as Defendant suggests, *see, e.g.* Def.'s Obj. to R&R 12. Instead, I believe a ten percent reduction is warranted to recognize that the already-adjusted lodestar amount greatly exceeds the statutory maximum amount of damages, which Plaintiffs received, while still permitting reasonable attorneys' fees on a matter that required significant effort by counsel who successfully defined a standard for future cases. *See Salinas*, 848 F.3d at 141–42 (creating a six-

factor test to determine if parties or entities were joint employers). I therefore award Plaintiffs attorneys' fees in the amount of $276,099.77 or 90 percent of the adjusted lodestar amount.

*Bill of Costs*

As for the bill of costs, I adopt Judge Simms's recommendations. As for the timeliness of Plaintiffs' request, I note that, under the Federal Rules of Civil Procedure and this Court's Local Rules, Plaintiffs had 14 days to file their bill of costs after the entry of my order on November 13, 2017, that is, until November 27, 2017. Fed. R. Civ. P. 6; Loc. R. 109.1(a). On November 14, 2017, I entered an order stating that Plaintiffs' motion for attorneys' fees would be due on November 28, 2017. ECF No. 169. Plaintiffs filed their bill of costs on November 28, 2017.

Under the Federal Rules, the 14-day filing period can be extended if Plaintiffs filed a "motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). I construe the arguments in Plaintiffs' Opposition to Defendants' Objections, Pls.' Resp. to Def.'s Obj. 5–6, as both an opposition and as a motion for an extension of time to file their bill of costs. Judge Simms's R&R found Plaintiffs' Bill of Cost timely because Thanksgiving was during that period and therefore, it provided an extra day to file their Bill of Costs. R&R 16 (citing Loc. R. 109.1(a)).

More importantly than whether a federal holiday extended the time to file, my Order setting the deadline for Plaintiffs to file their motion for attorneys' fees may have caused confusion. As I set the deadlines for Plaintiffs' attorneys' fee motion for November 28, 2017—and as Plaintiffs argued in their opposition to Defendant's objections, Pls.' Resp. to Def.'s Obj. 5–6—they believed both items were due on November 28, 2017. Further, my order in conjunction with Plaintiffs' Motion for Summary Judgment stated that "Plaintiffs also shall be

awarded reasonable attorneys' fees and costs, to be determined in further proceedings *scheduled by the Court*." Summ. J. Or. 2, ECF No. 168 (emphasis added). I find this to be excusable neglect and will not fault Plaintiffs for confusion I may have caused. Therefore, I find Plaintiffs' bill of costs timely, and as previously stated, adopt Judge Simms's recommendations to award the full request. Plaintiffs are awarded $9,485.95 in costs.

## Conclusion

For the aforementioned reasons, it is this 16th day of August, 2018, ORDERED that

1. Plaintiffs Mario Salinas, William Ascencio Torres, Franklin Henriquez, and Bernaldino Salinas's Motion for Attorneys' Fees, ECF No. 170, IS GRANTED;

2. Judge Simms's Report and Recommendation, ECF No. 180, BE, and HEREBY IS, ADOPTED AS AN ORDER OF THE COURT, as modified above, and Plaintiffs Mario Salinas, William Ascencio Torres, Franklin Henriquez, and Bernaldino Salinas are awarded $276,099.78 in attorneys' fees and $9,485.95 in costs; and

3. The Clerk of the Court shall CLOSE this case.

It is so ordered.

/S/
Paul W. Grimm
United States District Judge

jml